Filed 2/3/21  P. v. Pierson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073784 |
| v. | (Super.Ct.No. RIF1600446) |
| MARC RONALD PIERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Steven G. Counelis, Judge. Affirmed as modified with directions.

Law Office of Zulu Ali & Associates and Whitney Ali for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Pierson and an accomplice burglarized a home one afternoon while one of the residents was in the house. The resident and two neighbors saw the two men fleeing and helped identify them after police found them hiding with the stolen property. A jury convicted Pierson of first degree burglary.

Pierson challenges the trial court's denial of his motion for acquittal on the ground that the evidence was insufficient to establish his identity as one of the burglars or that he had access to the home or the stolen property. He also challenges the trial judge's denial of his motion for a new trial on the ground that the evidence didn't support finding the victim was entitled to be in the house or that Pierson was in the house or had possession of stolen property. We conclude substantial evidence supported the jury's verdict and the trial judge did not abuse his discretion in denying a new trial. We therefore affirm the judgment.

Pierson also argues the trial judge abused his discretion by denying his motion to dismiss a strike prior under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). We conclude the decision was well within the judge's discretion given the seriousness and repeated nature of Pierson's offenses. However, the parties agree we should strike the three prison prior enhancements imposed, but stayed, as part of Pierson's sentence due to the passage of Senate Bill No. 136 (2019-2020 Reg. Sess.). We agree and therefore strike those enhancements.

# I

# FACTS

Fernando T. had just returned home on the afternoon on February 2, 2016, when he heard the sound of glass breaking in another room in the house. He peeked into his brother's bedroom to investigate. He said he heard someone address a second person, saw shadows moving outside the window, and concluded someone was trying to break into the house. He grabbed his cellphone, ran out the front door, hid behind a truck parked at a neighbor's house, and called police.

While he was on the phone with the 911 dispatcher, Fernando said he saw two men, one black and the other probably Hispanic, jump over the fence in his backyard and run away. He described the men as being in their 20s or 30s and said the black man wore a gray sweatshirt and the Hispanic man wore a blue sweatshirt.[1] The black man wore a red backpack.

A neighbor, Jason G., looked up when he heard dogs barking and saw two men running away from Fernando's house. He described them as a black man and a Hispanic man and said the black man carried a red backpack. Another neighbor, Raul G., called the police after seeing police patrolling the neighborhood and seeing two men run into the vacant lot. He said he figured the police were looking for the men after he saw them duck down into some bushes.

---

[1] The prosecution played an audio recording of the 911 call for the jury, and a transcript is in the clerk's transcript.

When police arrived, Fernando told them two men wearing grey and blue sweatshirts had broken into his family home and then fled the house and jumped over the backyard fence. Fernando and the police officers went into the house and discovered the burglars had ransacked three bedrooms. Police found someone had gone through a nightstand and dresser drawers, closets, and storage boxes. Fernando said they had stolen all the money from his wallet and a tablet computer.

Other officers canvassed the neighborhood and found Pierson and a second man a few blocks away from the crime in a vacant lot, hiding in some tumbleweeds. They also found a red backpack full of items from the burgled home on the ground, within arm's reach of both men. The two men matched the descriptions provided by Fernando and other eyewitnesses. At trial, a police officer identified Pierson in court as the black man he had discovered hiding in the vacant lot.

Shortly after police apprehended the two men, officers transported Fernando to an in-field show up to see if he could identify them as the burglars. He identified both men and also identified Pierson as one of the burglars at trial. At the same in-field show up, Jason G. identified the men by their clothes, height, weight, and size. He wasn't able to affirmatively identify Pierson at trial.

A few hours after the robbery, Fernando went to the police station and identified his family's stolen property.

Based on this evidence, a Riverside jury convicted Pierson of first degree burglary. (Pen. Code, § 459.) The trial judge denied Pierson's motion for a new trial and his motion

4

to dismiss his prior serious felony allegations. He found Pierson had six prior strike convictions (Pen. Code, § 667, subd. (b)(i)) and therefore sentenced him to state prison for an indeterminate sentence of 25 years to life. The trial judge also found Pierson had three prison priors (Pen. Code, § 667.5, subd. (b)), and three prior serious felony convictions (Pen. Code, § 667, subd. (a)) but stayed punishment under those provisions.

Pierson filed a timely notice of appeal.

## II

## ANALYSIS

A. *Motion for Acquittal*

Pierson argues the trial judge erred when he denied his motion for acquittal on the ground that insufficient evidence supported his conviction. (Pen. Code, § 1118.1, unlabeled statutory citations refer to this code.)

"A motion under section 1118.1 seeks a judgment of acquittal for insufficient evidence. It may be made at the close of the prosecution's case or at the close of the defense evidence, before the case is presented to a jury." (*Porter v. Superior Court* (2009) 47 Cal. 4th 125, 132 (*Porter*), italics omitted.) The purpose of a motion for acquittal "is to weed out as soon as possible those few instances in which the prosecution fails to make even a prima facie case." (*People v. Stevens* (2007) 41 Cal.4th 182, 200.)

"In ruling on an 1118.1 motion for judgment of acquittal, the court evaluates the evidence in the light most favorable to the prosecution. If there is any substantial evidence, including all inferences reasonably drawn from the evidence, to support the

elements of the offense, the court must deny the motion. [Citations.] In considering this legal question, 'a court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' [Citation.] Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [Citation.]'" (*Porter*, *supra*, 47 Cal. 4th at p. 132.)

This is the same test appellate courts use in deciding whether evidence is legally sufficient to sustain a verdict. (*Porter*, *supra*, 47 Cal. 4th at p. 132.) The trial judge asks "'whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged . . . .' The question 'is simply whether the prosecution has presented sufficient evidence to present the matter to the jury for its determination.'" (*People v. Lynch* (2010) 50 Cal.4th 693, 759.) A trial judge's ruling that the evidence is sufficient to support a conviction is a question of law, which we review independently. (*People v. Cole* (2004) 33 Cal.4th 1158, 1212.)

Here, the evidence was sufficient to establish Pierson was one of the men who broke into Fernando's home and stole the family's personal property. Fernando and his neighbor, Jason G., were able to describe Pierson by his race, height, weight, and clothing. Less than a half-hour after the crime, both were independently able to identify Pierson and his accomplice as the men they had seen fleeing the house. Eyewitnesses described one of the two men as wearing the red backpack as they sprinted away from the

burglary. Their descriptions of the man accurately matched Pierson's appearance when the police discovered him hiding in the vacant lot. So did the description provided by another neighbor, Raul G., who called police after observing two men run into the vacant lot and hide. Both Fernando and a police officer identified Pierson as one of the burglars at trial. This evidence is far more than needed to supported the jury's factual determination that Pierson was one of the burglars.

Substantial evidence also showed Pierson entered the victim's home, either directly or as an aider and abettor. Multiple eyewitnesses reported that Pierson fled the scene carrying a red backpack. When police discovered Pierson hiding in the vacant field, he was within arm's length of a red backpack filled with stolen property. Other than Pierson's accomplice, no one else was in or near the vacant lot. In addition, Fernando identified his property in the backpack police had recovered from Pierson and his accomplice. It was therefore reasonable for the jury to conclude that Pierson was in possession of that bag.

In the face of such solid evidence, we agree the trial judge rightly denied Pierson's motion for acquittal.

B. *Motion for a New Trial*

Pierson also argues the trial judge erred by denying his motion for a new trial under sections 1181 and 1182. On appeal he argues, as he did in the trial court, that the evidence didn't support finding Fernando was a rightful inhabitant of the burgled home

and also didn't support finding Pierson had any connection to the home or the items taken from the home.

A trial judge's job reviewing a motion for a new trial differs from his job reviewing a motion to acquit. (*Porter*, *supra*, 47 Cal. 4th at p. 132 ["[a] motion under section 1181(6) seeks a *new trial* because the verdict is 'contrary to law or evidence.' The court performs significantly different tasks" in evaluating a motion to acquit and a motion for new trial].)

On a motion for a new trial, the trial judge has discretion to order a new trial "[w]hen the verdict . . . is contrary to law or evidence." (§ 1181, subd. (6).) "The court extends no evidentiary deference in ruling on an 1181(6) motion for new trial. Instead, it independently examines all the evidence to determine whether it is sufficient to prove each required element beyond a reasonable doubt *to the judge*, who sits, in effect, as a '13th juror.' [Citations.] If the court is not convinced that the charges have been proven beyond a reasonable doubt, it may rule that the jury's verdict is 'contrary to [the] . . . evidence.' [Citations.] In doing so, the judge acts as a 13th juror who is a 'holdout' for acquittal." (*Porter*, *supra*, 47 Cal. 4th at p. 133.)

"In its independent assessment of the evidence, the trial court is guided by a presumption in favor of the correctness of the verdict and the proceedings in its support. [Citation.] The presumption that the verdict is correct, however, does not affect the court's duty to apply its independent determination to the probative value of the evidence. [Citation.] [¶] The court has broad discretion in ruling on a new trial motion, and the

court's ruling will not be overturned absent a clear and unmistakable abuse of that discretion. [Citation.] The court abuses its discretion, however, where it misconceives its duty, applies an incorrect legal standard, or fails to independently consider the weight of the evidence." (*People v. Carter* (2014) 227 Cal.App.4th 322, 328, citing *People v. Robarge* (1953) 41 Cal.2d 628, 634.)

Here, the trial judge correctly conceived his duty to review the evidence, applied the correct legal standard, and independently considered the weight of the evidence. The trial court pointed to the fact that Fernando testified that he lived in the burgled house and his parents owned it at the time as evidence supporting the finding that the victim wasn't just a squatter, as Pierson surmised. The trial court noted there was no contrary evidence and said, "I found [Fernando's testimony] to be credible at the time." Regarding the identification of Pierson as the burglar and his possession of property stolen from the home, the trial judge said, "I do not agree with the factual analysis presented [by defense counsel] at all having heard the trial myself and having read the relevant quotations from the transcript. . . . [¶] . . . [T]he evidence did establish the identification of the defendant in a variety of ways: Both by direct evidence, by the eyewitness testimony of [the neighbors]. You add that up with the circumstantial evidence . . . [that] the property from inside of the house end[s] up in the joint possession of the defendant . . . [a]nd all of that, both direct and circumstantial evidence, provides the necessary identification."

The trial judge's analysis makes clear he applied the correct legal standard, independently considered the weight of the evidence, and agreed with the jury based on a

sound reconstruction of the evidence. We find no legal error, no unsupported factual determination, and no abuse of discretion.

C. *Motion to Dismiss Prior Strike Convictions*

Pierson moved to dismiss several of his prior strike convictions so that he would not have to face an indeterminate 25-year-to-life term. The trial judge denied the motion and declined to dismiss any of his prior strike convictions. Pierson argues this was an abuse of discretion.

Section 1385, subdivision (a) grants the trial judge discretion to strike "prior felony conviction allegations in furtherance of justice." ( *Romero*, *supra*, 13 Cal.4th at p. 530.) Trial judges balance the constitutional rights of defendants, including the right to avoid disproportionate punishment, against society's legitimate interest in the fair prosecution of properly charged crimes. (*Id.* at pp. 530-531.) When a trial judge is considering dismissing a prior serious or violent felony under the "Three Strikes" law it "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions . . . the defendant may be deemed outside the scheme's spirit . . . and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review such decisions for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) The Three Strikes law is designed to "punish repeat criminal offenders severely" and "drastically curtail a sentencing court's ability to reduce the severity of a

10

sentence." (*People v. Vargas* (2014) 59 Cal.4th 635, 641.) Trial judges must apply the law when a defendant has two or more prior strikes unless the court can articulate why the defendant lies outside the spirit of the law. (*People v. Williams*, *supra*, 17 Cal.4th at p. 162.)

Before sentencing, Pierson filed a written *Romero* motion in which he asked the court to dismiss a felony conviction that was over two decades old. He also asked the court to dismiss a number of his prior more recent robbery convictions. Pierson also presented evidence that he was a father with a daughter in nursing school, he had assisted his mother with his handicapped brother, had attempted to complete his GED and started a business, and had an honorable record in custody because of his service as a trustee in the detention facilities.

The trial judge found "Pierson's conduct in this case and his prior convictions squarely place him within the three-strikes statute." After recounting a series of convictions from 1997 through 2016, the trial judge found "very sadly, an unbroken chain of crime, punishment, release; crime, punishment, release; crime, punishment, release, without any significant break." The court emphasized Pierson had twice absconded from parole and had failed to benefit from a "wake-up call" when a previous trial judge had granted him significant lenience. He also noted Pierson had offered no individual considerations to suggest he fell outside the spirit of the Three Strikes law.

We conclude the trial judge was well within his discretion in denying Pierson's *Romero* motion. Pierson's background, character, and prospects establish he has led a life

of repeated crime and hasn't learned from prior incarcerations. There was nothing arbitrary, capricious, irrational, or patently absurd in the trial court's decision to deny the motion.

### D. *Prison Prior Enhancements*

The trial judge imposed but stayed three one-year prior prison enhancements under Penal Code section 667.5, subdivision (b). We asked for supplemental briefing on whether the enhancements should be stricken under the amendment of that provision by Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) (SB 136). The parties concede the enhancements must be stricken, and we agree.

Effective January 1, 2020, SB 136 amended Penal Code section 667.5, subdivision (b), to eliminate the one-year prior prison term enhancement for most prior convictions. There's an exception, not applicable here, for certain prior convictions for sexually violent offenses.

The amended law applies to Pierson retroactively because SB 136 became effective after his sentencing in September 2019 but before his judgment became final. (*People v. Reneaux* (2020) 50 Cal.App.5th 852, 876.) Accordingly, Pierson's Penal Code section 667.5, subdivision (b) enhancements are unauthorized and must be stricken.

## III

## DISPOSITION

We affirm the judgment of conviction, modify the judgment by striking Pierson's section 667.5 subdivision (b) enhancements, and direct the trial court to prepare an

amended abstract of judgment and forward a certified copy to the Department of

Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH          
J.

We concur:

McKINSTER       
     Acting P. J.

RAPHAEL        
     J.

13